UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

DEC 20 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| MAZZARI, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. Action No. 99-142 (EGS) |
| ) | [25-1] [27-1] |
| DICKINSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER AND JUDGMENT

Plaintiffs Darrel Mazzari and Michael Sheedy, acting *pro se*, filed this action challenging a denial of their patent application by the United States Patent and Trademark Office's Board of Patent Appeals.  Defendant has moved for summary judgment on the grounds that plaintiffs' patent was properly denied.

Upon consideration of defendant's Motion for Summary Judgment, the responses and replies thereto, the Court holds that defendant is entitled to summary judgment, and therefore GRANTS defendant's motion.

## DISCUSSION

I.  Defendant's Summary Judgment Motion

As an initial matter, the Court must note that plaintiffs have failed to respond to the merits of any of the legal arguments raised in defendant's most recent supplemental summary



judgment motion.[1] Plaintiffs responded to this motion by filing what appears to be an affidavit, and a motion to suppress defendants' supplemental summary judgment motion. Plaintiffs' motion is clearly without merit, as this Court expressly ordered defendant to file the supplemental motion. *See* Order of 12/18/2000. As for the affidavit in response to the supplemental motion filed on March 13, 2001, plaintiff only recites facts without raising legal arguments.

While plaintiffs' pleadings are often confusing and largely non-responsive, the Court has considered the merits of the arguments as they have been presented and holds that plaintiffs have failed to identify any factual disputes that are material to the lawfulness of the patent denial. Defendant has proven that the plaintiffs' patent application was lawfully rejected pursuant to 35 U.S.C. §102(a) and 103. Defendant is therefore entitled to summary judgment.

II. Conduct of Plaintiff Michael T. Sheedy

Plaintiffs originally filed this case *pro se*. At some point, however, one of the plaintiffs began signing documents "Michael T. Sheedy, Michael T. Sheedy & Associates, Attorneys for

---

[1] After defendant filed an initial summary judgment motion, the Court allowed limited discovery, after which defendant filed a supplemental summary judgment motion and briefing was completed.

Plaintiffs." Mr. Sheedy included a "State Bar No. 1004454" beneath the signature line. *See, e.g.*, Plaintiff's Motion to Supress Defendant's Surreply, filed 3/21/2001. As far as this Court can discern, Mr. Sheedy has not been admitted to practice law in this Court or in the District of Columbia. Mr. Sheedy may or may not be a practicing attorney in the state of Wisconsin.

The Court takes this apparent misrepresentation very seriously. While Mr. Sheedy has the right to represent himself regardless of whether he is an attorney, he may not represent his co-plaintiff unless properly admitted to practice law in this Court. The Court also notes that while Mr. Sheedy may be an practicing attorney in Wisconsin, his pleadings in this case were all but incomprehensible. After the Court issued a very clear order setting forth the schedule for the filing of defendant's supplemental summary judgment motion, Mr. Sheedy filed in response to that motion a "Motion to Suppress Defendant's Surreply," in which he described defendant's motion as "a box of documents." Such pleadings are improper and unacceptable.

Because of the seriousness of Mr. Sheedy's conduct, this Court will refer the matter to both the Committee on Grievances of this Court, as well as the Wisconsin State Bar Association.

3

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that defendant's motion for summary judgment is **GRANTED**; it is

**FURTHER ORDERED** that the Clerk of the Court shall enter **FINAL JUDGMENT** in favor of defendant and against plaintiffs; it is

**FURTHER ORDERED** that the matter of plaintiff Michael T. Sheedy's attempted practice of law in this Court is referred to the United States District Court for the District of Columbia's Committee on Grievances, as well as the Bar Association of the State of Wisconsin.

**IT IS SO ORDERED.**

12/15/01
DATE

**EMMET G. SULLIVAN**
**UNITED STATES DISTRICT JUDGE**

Notice to:

Sydney O. Johnson, Jr., Esquire
Raymond T. Chen, Esquire
Office of the Solicitor
United States Patent and Trademark Office
P.O. Box 15667
Arlington, Virginia 22215

Michael T. Sheedy
829 North Marshall Street
Milwaukee, Wisconsin 53202

Darrel A. Mazzari
142 N. Lakeshore Rd.
Grafton, Wisconsin 53024

United States District Court for the District of Columbia
Committee on Grievances
c/o Joe Alexander, Special Assistant to the Chief Judge

State Bar of Wisconsin
P.O. Box 7158
Madison, WI 53707-7158